because ignoring evidence tending to show that the defendant failed to maintain such appliances in good condition and to operate them in a careful and skilful manner.

5. ELECTRICITY, § 28*—*when question of negligence in failing to discover broken wire is for jury.* The question of the negligence of the defendant *held* for the jury, in an action for the death of a person by coming into contact with a charged, broken electric light wire hanging in a street, where the evidence tended to show that the engineer of the plant noticed something wrong with the machinery which led him to believe that there might be a broken wire, but which the use of the apparatus at hand failed to ·detect, and he made no further effort to discover the condition of the wires until several hours after the accident.

NIEHAUS, J., took no part in this decision.

----

## Louisa J. Owens, Appellee, v. Gerhardt M. Cassens, Appellant.

### Gen. No. 6,027.   (Not ·to be reported in full.)

Appeal from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in ˙this court at the October term, 1914. Affirmed. Opinion filed March 9, 1915. Rehearing denied April 15, 1915.

### Statement of the Case.

Suit in assumpsit brought by Louisa J. Owens against Gerhardt M. Cassens to recover $2,000 loaned the defendant, $2,000 held by him in trust for the plaintiff, $650 intrusted to him with which to pay for certain patents, $1,000 realized by him as plaintiff's share from the sale of other patents, $1,000 due on various accounts, and $600 paid defendant as the purchase price of other patents. Defendant pleaded the general issue and filed a counterclaim, whereby he sought to charge the plaintiff with a loan of $3,000

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and $1,000 expended by him for the use of the plaintiff, $2,000 for the purchase of a half interest in certain patents, $1,000 paid a third person for the plaintiff's benefit, and with $1,000 accrued interest on these various sums.

The case was tried by the court without a jury, and a judgment entered in favor of the plaintiff for $1,345, from which the defendant appeals.

The evidence was not only conflicting but in many respects vague, indefinite and uncertain; but it tended to show that the plaintiff conducted financial transactions with the defendant involving considerable sums of money and extending over many years, but that neither of the parties were able to give definite testimony regarding the details thereof.

ROYCE A. KIDDER and WALTER N. HASKELL, for appellant.

H. A. BROOKS, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

ASSUMPSIT, ACTION OF, § 89*—*sufficiency of evidence to sustain recovery for money advanced for investment.* The evidence in an action for money advanced the defendant by the plaintiff for the purchase of certain patents, and also as a loan, *held* sufficient to sustain a finding for the plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.